**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case Nos.   11-20042-01-CM (Criminal) |
| v. | ) 16-2734-CM (Civil) |
| | ) |
| **WARREN K. PARKER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

Defendant Warren K. Parker has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 193).  Defendant was convicted on April 9, 2012 and sentenced on November 5, 2012.  Defendant did not appeal his conviction.  He sent the instant motion for filing on October 22, 2016 (giving defendant the benefit of the doubt).

Federal prisoners must file § 2255 motions within a one-year period of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed . . .; (3) the date on which the right asserted was initially recognized by the Supreme Court . . .; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a defendant does not timely appeal a conviction or sentence, it becomes "final" for purposes of § 2255(f)(1) at the expiration of the time for filing an appeal, and the one-year period begins running from that date of expiration.  *See United States v. Sandoval*, 371 F. App'x 945, 948 (10th Cir. 2010) (citations omitted).  This one-year period is "subject to equitable tolling but only 'in

-1-

rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

The court sentenced defendant in November 2012. He did not timely appeal, and the one-year period of limitation under § 2255 therefore ended in 2013. Defendant does not allege that equitable tolling is appropriate or the statute of limitations should run from a different date. Defendant's current motion, filed in 2016, is untimely.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 193) is denied.

**IT IS FURTHER ORDERED** that the court denies a certificate of appealability.

Dated this 13th day of March, 2017, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**